SILER, Circuit Judge,
concurring in part and dissenting in part:
I concur in the conclusions by the majority on all points, with the exception of its conclusion in Section III.A.4. I would not find that the NHTSA acted arbitrarily or capriciously in failing to adopt a backstop for a minimum level of average fuel economy. The majority admits that the EPCA does not require NHTSA to adopt a backstop. We must realize that the arbitrary or capricious standard is one that grants an agency a significant amount of deference. Its failure to adopt this backstop was not an act which ignored factors that Congress required to be taken into account. Under those circumstances, when the EPCA did not require the adoption of a backstop, I would not find that NHTSA acted arbitrarily or capriciously by failing to do so.